UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

KEVIN GREEN,

                    Petitioner,

v.                                                              9:05-CV-0483
                                                               (FJS/GHL)

MICHAEL RABIDEAU, Superintendent,

                    Respondent.

_____

APPEARANCES:                                        OF COUNSEL:

KEVIN GREEN, 02-B-0631
Petitioner *Pro Se*
Orleans Correctional Facility
35-31 Gaines Basin Road
Albion, New York 14411

HON. ANDREW M. CUOMO                         CHELSEA CHAFFEE, ESQ.
Attorney General of the State of New York       Assistant Attorney General
120 Broadway
New York, New York 10271

GEORGE H. LOWE, United States Magistrate Judge

## REPORT AND RECOMMENDATION

## BACKGROUND

_____On January 16, 2002, Petitioner was convicted of Criminal Possession of a Weapon in the

Third Degree (New York Penal Law (hereinafter "Penal Law") § 265.02(1)) and Promoting

Prison Contraband in the First Degree (Penal Law § 205.25 (2)), for conduct that occurred while

he was incarcerated at Groveland Correctional Facility ("Groveland").  Dkt. No. 1.  He was

sentenced to two concurrent terms of two and one-half years.  Dkt. No. 1.  His conviction was

affirmed by the Appellate Division, Fourth Department, and leave to appeal to the Court of

Appeals was denied.  *People v. Green*, 784 N.Y.S.2d 445(4th Dep't 2004), *lv. denied*, 829 N.E.2d 679 (N.Y. 2005).

On April 19, 2005, Petitioner, appearing *pro se*, and while still confined at Groveland, filed the instant *habeas* petition, attacking the aforementioned convictions of January 16, 2002. Dkt. No. 1.  However, on April 25, 2005, Petitioner was paroled from Groveland to the custody of the Bureau of Immigration and Customs Enforcement, to await deportation.  Dkt. No. 8.  On April 26, 2005, Petitioner filed a "Notice of Change of Address" from Groveland to the Orleans Correctional Facility ("Orleans").  Dkt. No. 3.  He was deported to Jamaica on June 22, 2005. Dkt. No. 24.

Petitioner's deportation was based, in part, upon his 1997 conviction for the offense of attempted assault in the first degree in violation of sections 110.00 and 120.10 (1) of the Penal Law.  Dkt. Nos. 22 and 28.  Section 120.10 (1) provides:

> A person is guilty of assault in the first degree when:
>
> 1.      With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument

N.Y. Penal Law § 120.10 (McKinney 2006).  As stated by the Immigration Judge in a Decision dated June 30, 2004:

> [T]his Court finds the [Petitioner] is an alien from Jamaica and that he had not been legally admitted to this country and he may be deported for that and he may also be deported because he is an alien who has been convicted of a crime involving moral turpitude, which is attempted assault in the first degree.

Dkt. No. 22.  "Oral Decision of the Immigration Judge."  The Immigration Judge's Decision was affirmed by the Board of Immigration Appeals, and became the final agency determination on

2

March 11, 2005.  Dkt. No. 22.

On August 31, 2005, Respondent moved for dismissal of the petition as moot and, alternatively, as without merit.  Dkt. Nos. 19, 20 and 22.[1]  Petitioner has not responded to the motion.

## DISCUSSION

### I.   MOOTNESS

A *habeas* petition does not necessarily become moot when the petitioner is released from prison because "collateral consequences of that conviction may still impinge on the petitioner post-release, and therefore a case or controversy may continue to exist." *Perez v. Greiner*, 296 F.3d 123, 125 (2d Cir. 2002).  Instead, a *habeas* petition is rendered moot by the prisoner's release "only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." *Id.*(quoting *Sibron v. New York*, 392 U.S. 40, 57 (1968).

In *Perez*, the Second Circuit held that a *habeas* petition challenging a robbery conviction was mooted by Perez's removal from the country because his previous New York State conviction for a controlled substance offense rendered him permanently inadmissible to the United States.  The Court noted that 8 U.S.C. § 1182(a)(2)(A)(i)(II) explicitly provided that an "alien convicted of . . . a violation of . . . any law or regulation of . . . a State . . . relating to a controlled substance . . . is inadmissible." *Perez*, 296 F.3d at 126.  The Court reasoned,

---

[1]  These motion papers initially were mailed to Petitioner at Groveland. Dkt. No. 21.  On July 10, 2006, they were mailed to him at Orleans.  The papers were returned to Respondent's counsel on July 19, 2006, "with a notation indicating that petitioner is not incarcerated at that facility."  Dkt. No. 26.

"[b]ecause Perez is permanently barred from this country on a wholly separate ground, the currently challenged robbery conviction can have no meaningful effect on his admissibility and hence cannot serve as a possible collateral consequence." *Id*.

Here Petitioner seeks *habeas* relief from his 2002 convictions for criminal possession of a weapon and promoting prison contraband. However, his deportation was based upon his 1997 conviction for attempted assault. An Immigration Judge determined that this 1997 conviction was for a crime involving moral turpitude, and the Board of Immigration Appeals affirmed. An alien who has been convicted of a crime involving moral turpitude is ineligible for admission to the United States. 8 U.S.C. § 1182(a)(2)(A)(i)(I).

Initially it must be noted that *Perez* is distinguishable from the instant case. Perez had been convicted of a crime (attempted criminal sale of a controlled substance) which Title 8 explicitly stated caused one to be "inadmissible." *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II), which, in relevant part, is quoted above. Here, on the other hand, Petitioner was convicted of the crime of attempted assault. Title 8 does not explicitly provide that such a conviction causes one to be inadmissible. Rather the **BIA determined** that such a conviction constitutes a crime involving moral turpitude ("CIMT"). As a result, the analysis by this Court cannot be as straightforward as was the Court's in *Perez*.

In *Michel v. Immigration and Naturalization Serv.*, 206 F.3d 253 (2d Cir. 2000), the Second Circuit instructed that "where the BIA is interpreting ["moral turpitude" within the meaning of § 237(a)(2)(A)(ii)] of the INA, *Chevron* deference is warranted, but where the BIA is interpreting state or federal criminal laws, we must review its decision *de novo*." *Michel*, 206 F.3d at 262. In *Chevron USA, Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843-44

4

(1984), the Supreme Court held that, where a statute is silent as to a specific issue, a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency.  This principle has become known as "*Chevron* deference."

In *Michel*, the Second Circuit noted that "the term 'moral turpitude' is not defined anywhere in the INA and that the INA's legislative history sheds no light on Congress's intent." *Id.*  Therefore, according to the Second Circuit, the issue becomes whether the BIA's interpretation of the term "moral turpitude" is reasonable.  The *Michel* Court then discussed numerous BIA determinations that where knowledge or intent is a necessary element of a crime, moral turpitude inheres in that crime.  The Court held that these determinations by the BIA were not unreasonable, and *Chevron* deference therefore was appropriate.  *Id.* at 263-64.  *See also Gill v. Immigration and Naturalization Servs.*, 420 F.3d 82, 89 (2d Cir. 2005) ("'It is in the intent that moral turpitude inheres,' . . . and therefore the BIA's focus is on the mental state reflected in a given offense.  Crimes committed knowingly or intentionally generally have been found, on the categorical approach, to be CIMTs.").

As a result, the issue for this Court, on a *de novo* basis, is whether Petitioner's crime at issue, attempted assault in the first degree, in violation of sections 110.00 and 120.10(1) of the Penal Law has, as a necessary element, knowledge or intent.  The answer is a simple "yes"; the statute itself, section 120.10(1) of the Penal Law explicitly provides that the charged person must have acted "with intent to cause serious physical injury."

In short, in 1997 the Petitioner was convicted of a crime in which intent is an element, and his conviction constitutes a CIMP.  As a result, he is ineligible for admission to the United States.  Therefore there can be no collateral consequences arising from his 2002 convictions, for

5

which he seeks habeas corpus relief from this Court.  His petition, it follows, is moot, and I

recommend that it be dismissed.

## II.   THE MERITS

"Where a properly filed motion is unopposed and the Court determines that the moving

party has met its burden to demonstrate entitlement to the relief requested therein, the non-

moving party's failure to file or serve any papers as required by this Rule shall be deemed as

consent to the granting or denial of the motion, as the case may be, unless good cause be shown."

L.R. 7.1(b)(3).

Here, Respondent's motion for dismissal was properly filed, Petitioner has failed to

oppose it, and Petitioner has failed to show good cause why his failure to oppose the motion

should not be deemed as consent to the granting of it.  Therefore, I must determine whether

Respondent has met his burden to demonstrate entitlement to dismissal.

Upon a thorough review of Respondent's motion papers and the petition, I have

determined that Respondent is entitled to dismissal for the reasons stated in Point II of

Respondent's memorandum of law.  Dkt. No. 20.  Authority exists suggesting that a review of

whether a movant has met its "burden to demonstrate entitlement" to dismissal under Local Rule

7.1(b)(3) is a more limited endeavor than a review of a contested motion to dismiss.  *See, e.g.,*

*Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8 (N.D.N.Y. Sept. 10,

2003) (Sharpe, M.J.) (before a motion to dismiss may be granted under Local Rule 7.1.[b][3],

"the court must review the motion to determine whether it is **facially meritorious**") (emphasis

added) (citations omitted); *Race Safe Sys. v. Indy Racing League*, 251 F. Supp. 2d 1106, 1109-

1110 (N.D.N.Y. 2003) (reviewing whether record contradicted defendant's arguments, and

whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under

Local Rule 7.1[b][3])[2].  I therefore recommend that the petition be dismissed as meritless.

## III.    FAILURE TO COMPLY WITH THE LOCAL RULES OF THIS COURT

The Local Rules of Practice for the Northern District of New York ("Local Rules") advise

that "[a]ll attorneys of record and pro se litigants must immediately notify the Court of any

change of address."  L.R. 10.1(b)(2).  The Court may dismiss any pending action where a litigant

fails to notify the Court of an address change in accordance with Local Rule 10.1(b).  *See* L.R.

41.2(b).

In discussing the requirement that parties in the Northern District keep the Clerk apprised

of their current address, then-Magistrate Judge Gary L. Sharpe has sagely observed:

> Litigants have a continuing obligation to keep the court informed
> of any change of address that may occur during the pendency of an
> action.  *See* N.D.N.Y.L.R. 10(b); *Fenza v. Conklin*, 177 F.R.D. 126
> (N.D.N.Y. 1998) (Pooler, D.J.).  Notification of a new address is
> essential for the orderly disposition of cases as it is not feasible for
> the court to independently maintain the current addresses of all
> parties to pending actions.  *Id.* at 127 (citations omitted).
> Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure
> allows a court to dismiss an action for the failure to prosecute or
> comply with an order of the court.  *See Williams v. Faulkner*, 1998
> WL 278288 (N.D.N.Y. May 20, 1998) (Pooler, D.J.)  Consequently
> the petitioner's failure to notify the court of an address change is
> grounds for dismissal.

*Michaud v. Williams*, No. 98CV1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999).

---

[2]  *See also Wilmer v. Torian*, No. 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y.
August 29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1[b][3], but recommending dismissal
because of plaintiff's failure to respond to motion to dismiss *and* the reasons set forth in defendants'
motion papers), *adopted by* 1997 U.S. Dist.LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.);
*accord, Carter v. Superintendent Montello*, No. 95-CV-989, 1996 U.S. Dist. LEXIS 15072, at *3
(N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

While the pleadings of a *pro se* litigant must be construed liberally, "*pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." *Edwards v. INS*, 59 F>32d 5, 8 (2d Cir. 1995) (citing *McNeil v. United States*, 508 U.S. 106 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")); *see also Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedure and substantive law.").

For over eighteen months since his June, 2005, release, Petitioner has failed to comply with the requirements of this District's Local Rules regarding his obligation to keep the Clerk of the Court apprised of his current address.  The Court has received no communication from Petitioner since April 26, 2005, when he advised of his change of address from Groveland Correctional Facility to Orleans Correctional Facility.  Dkt. No. 3.  *See also* Dkt. No. 7.  The fact that Petitioner notified the Court of his previous address change strongly suggests he was aware of the directive that he apprise the Court of his current address.  *See Fenza*, 177 F.R.D. at 127 (petitioner was clearly aware of the requirements of Local Rules 10.1(b) and 41.2(b) given that he had twice notified the Court of prior address changes).  Therefore, this Court recommends dismissal due to Petitioner's failure to comply with Local Rules 10.1(b) and 41.2(b).  *See Michaud*, 1999 WL 33504430, at *1; *see also Cordero v. Goord*, No. 9:04-CV-1360, 2006 WL 2927153, at *2 (N.D.N.Y. Oct. 11, 2006); *Faulkner*, 1998 WL 278288, at *1 (citing N.D.N.Y.L.R. 41.2(b)).

**WHEREFORE**, based upon the foregoing, it is hereby

**RECOMMENDED**, that Respondent's motion to dismiss (Dkt. No. 19) be granted and

8

the petition for a writ of habeas corpus (Dkt. No. 1) be **DENIED** and **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:   January 23, 2007
        Syracuse, New York

George H. Lowe
United States Magistrate Judge